# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ANDREW MOULTRIE,**

     **Plaintiff,**

**vs.**                                        **Case No.  4:18cv295-WS/CAS**

**SGT. ANTHONY, et al.,**

     **Defendants.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding pro se, initiated this case by submitting a § 1983 civil rights complaint, ECF No. 1.  Plaintiff was granted in forma pauperis status and assessed an initial partial filing fee of $3.33 which was required to be paid on or before **November 2, 2018**.  ECF No. 7.  As of this date, payment has not been received.

Plaintiff was advised that he was "ultimately responsible for payment of the filing fee, even if the agency having custody over" him lapsed in its duty "to make payments on Plaintiff's behalf."  ECF No. 7.  He was also advised that if he lacked sufficient funds with which to pay the assessed initial partial filing fee, he had to "submit a *current* Trust Fund Account

Statement demonstrating how funds have been depleted over the past few months before the" November 2, 2018, deadline.  *Id.*  Finally, Plaintiff was warned that failure to submit the assessed initial partial filing fee would result in a recommendation of dismissal of this case.  *Id.*  Notwithstanding, Plaintiff has not complied and it appears that he has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff was warned that if he failed to comply, a recommendation would be made to dismiss this case, dismissal is now appropriate.

Case No. 4:18cv295-WS/CAS

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on November 13, 2018.


  S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**